UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Monode Marking Products, Inc. | ) | Case No. 1:18-cv-16 |
| | ) | |
| Plaintiff, | ) | Judge: |
| | ) | |
| v. | ) | |
| | ) | Jury Trial Demanded |
| Columbia Marking Tools, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**Complaint**

For its complaint against defendant Columbia Marking Tools, Inc. ("CMT"), plaintiff Monode Marking Products, Inc. ("Monode"), states:

**Summary of Case**

1. This is an action for damages and injunctive relief to remedy CMT's direct, contributory, and induced infringement of U.S. Patent No. 6,974,082 ("the '082 patent").

2. The '082 patent generally is directed to unique integrated marking systems, including integrated marking and reading stations that control reading or marking of encoded information onto an article.

**The Parties**

3. Monode is an Ohio corporation with a principal place of business in Ohio.

4. CMT is a Michigan corporation with a principal place of business in Michigan.

**Jurisdiction**

5. This Court has subject matter jurisdiction over Monode's patent infringement claims under 28 U.S.C. § 1331 and § 1338 because they arise under federal law.

6. This Court has personal jurisdiction over CMT consistent with Ohio's long-arm statute and the requirements of due process. As alleged herein, CMT has: offered to sell and, upon information and belief, has sold goods that infringe the '082 patent in Ohio; transacted business in Ohio; caused tortious harm to Monode in Ohio resulting from its infringing activities; regularly solicited business in Ohio; maintains a regular and established place of business in Ohio; engaged in a persistent course of conducting business in Ohio; and upon information and belief, has derived substantial revenue from goods sold in Ohio.

**Venue**

7. Venue is proper under 28 U.S.C. § 1400(b) because CMT has committed acts of infringement, and has a regular and established place of business, within this judicial district.

8. CMT has committed acts of direct patent infringement within this judicial district as alleged in this complaint.

9. CMT has a regular and established place of business within Ohio and this judicial district. On one of its websites, *www.columbiamt.com*, CMT holds itself out as having a regular places of business in Ohio, referred to as "Dempsco," as follows:

Central Region - Brian Barbara Manager Tel: 586-949-8400 ex 131, email: b2@columbiamt.com

- Ohio/Kentucky/Indiana - Dempsco Tel: 586-949-8400 ex 138, email: dempsco@marking-machines.net
- Tennesee/Alabama/Mississippi - RD Dishman & Associates Tel: 586-949-8400 ex 142, email: bd@marking-machines.net
- Western Michigan/Northern Ohio - Advanced Metalworking Solutions Tel: 586-949-8400 ex 144, email: mjf@columbiamt.com
- Southeast Michigan - Factory Direct Tel 586-949-8400 ex 111, email: sales@columbiamt.com

(*http://www.columbiamt.com/CMT-Main/Locations.html?i4S2*, a true and accurate copy of which is attached as Exhibit A.)

10. CMT, by and through "Dempsco," maintains a physical location in or around Cleveland, Ohio, through which it offers and sells the Accused CMT Products (as defined *infra*).

(*See* *http://www.dempsco.com/AboutUs.aspx* and *http://www.dempsco.com/Products/Marking Systems.aspx#prettyPhoto[590]/6/*, true and accurate copies of which are attached as Exhibits B and C.)

11. CMT owns and controls the telephone number it provides on its website for calling "Dempsco" regarding the Accused CMT Products in Ohio, 586-959-8400 ext. 138. Upon information and belief, calls placed to this telephone number are received by CMT.

12. CMT owns and controls the email address on its website for contacting "Dempsco" in Ohio regarding the Accused CMT Products, *dempsco@marking-machines.net*. CMT registered and uses the domain name *marking-machines.net* to disseminate information regarding its products to the public, including the Accused CMT Products, and upon information and belief, emails sent to the *dempsco@marking-machines.net* email address are received by CMT.

13. By, among other things, identifying and holding out "Dempsco" as its regular place of business in Ohio and though its ownership and control of the telephone number and email address for contacting it regarding the Accused CMT Products in Ohio, CMT holds out and has ratified "Dempsco" as one of CMT's regular and established places of business with respect to the Accused CMT Products.

14. CMT therefore has a regular and established place of business in this judicial district such that venue for this action exists and is proper.

## Relevant Facts

### I. Monode and its '082 Patent

15. Monode is a leading manufacturer and integrator of part-marking and vision equipment, services and solutions.

16. Bill and Al Mackey founded Imperial Stamp & Engraving in Chicago during the 1950's post-war boom. Imperial Stamp & Engraving introduced an innovative and revolutionary heat-treated process that allowed products to be individually stamped in their hardened state.

17. The Mackeys purchased Monode in Cleveland in 1976 where they produced the electrochemical etching system.

18. Monode continued to revolutionize the marking process by developing and introducing an automatic system that could operate and synchronize markers, turntables and conveyors on an assembly line. This innovation allowed for fast and reliable duplication of marks in a continuous production environment.

19. Monode's reputation as an innovator in the design and integration of marking systems continued through the 1970s and led to the combinations of Monode and Imperial Stamp & Engraving in 1976.

20. Through the 1980s and '90s, Monode continued to drive the marking industry and introduced many revolutionary systems. By the 2000s, Monode's industry leading technology had been adopted for many high precision applications in many industries, including aerospace, medical and defense industries.

21. For example, Monode's Vestige marking systems and BenchDot dot peen marking systems have been integral in the marking of everything from eighty-ton crane booms to turbine components for Lockheed Martin's F-22 Raptor.

22. Monode's groundbreaking developments include Traceable-IT, the first fully-integrated marking, validating and tracking software. Traceable-IT is a critical application in manufacturing for automotive, food and drug, medical, aerospace and defense industries.

23. Recognizing claimed elements of Traceable-IT as novel and non-obvious, the U.S. Patent and Trademark Office granted Monode the ’082 patent on December 13, 2005.

24. Monode owns all right, title and interest in and to the ’082 patent.

25. Monode has marked its products, including Traceable-IT, with the ’082 patent number, thereby providing constructive notice of the ’082 patent.

## II. CMT Enters Monode’s Market

26. CMT, a comparative newcomer to the marking industry, has entered the market that Monode defined through its continued innovation.

27. CMT, upon information and belief, knows and has known at all relevant times of Monode and its patented Traceable-IT integrated marking and reading systems.

28. CMT and Monode are direct competitors. CMT and Monode have been featured in the same trade publications and regularly exhibit at the same trade shows and exhibitions.

29. CMT devised a competing product to Monode’s Traceable-IT system with, upon information and belief, knowledge of the Traceable-IT system and its commercial success.

30. CMT advertises, offers for sale, and sells additional products that, upon information and belief, are offered and sold with or as an addition to CMT’s competing products that are intended to, and are, used with CMT’s competing products as a functional unit.

## III. CMT’s Infringement of the ’082 Patent

31. CMT is making, importing, using, selling, and offering to sell products in the United States that infringe one or more claims of the ’082 patent.

32. CMT’s infringing products comprise its I-Mark Software, including but not limited to the I-Mark II-Read System shown as shown in CMT’s product brochure available at *http://www.marking-machines.net/Resources/MarkReadI-Mark-WF.pdf,* a true and accurate copy

of which is attached as Exhibit D, and compatible marking tools and accessories (collectively, the "Accused CMT Products").

33. CMT's advertising and instructions for the Accused CMT Products show, encourage and teach uses that infringe the '082 patent.

34. As a representative example, the Accused CMT Products infringe claim 1 of the '082 patent by including each element of that claim in at least the following manner:

| Claim 1 | Accused CMT Products |
|---|---|
| A system for selectively controlling operation of a means for reading or marking encoded information on an article, the system comprising: | The Accused CMT Products comprise a system for selectively controlling operation of a means for reading or marking encoded information on an article, as shown in Exhibit D, and its manual available at *http://www.marking-machines.net/Resources/I-Mark-Manual.pdf*, a true and accurate copy of which is attached as Exhibit E. |
| means for identifying an input provided by the means for reading or marking; | The Accused CMT Products include means for identifying an input provided by the means for reading or marking, as shown in Exhibits D and E. |
| data processing means for processing the input so as to generate a desired output, said means having, | The Accused CMT Products include data processing means for processing the input so as to generate a desired output, as shown in Exhibits D and E. |
| an information processing request protocol, | The Accused CMT Products include an information processing request protocol, as shown in Exhibits D and E. |
| a machine interaction protocol | The Accused CMT Products include a machine interaction protocol, as shown in Exhibits D and E. |
| control means for controlling operation of the means for reading or marking in a manner that is responsive to at least one selected from the group consisting of: the input and the output; and | The Accused CMT Products include control means for controlling operation of the means for reading or marking in a manner that is responsive to at least one selected from the group consisting of: the input and the output, as shown in Exhibits D and E. |
| means for selectively generating and retrieving historical records related to the performance of the system. | The Accused CMT Products include means for selectively generating and retrieving historical records related to the performance of the system, as shown in Exhibits D and E. |

Monode reserves the right to identify different and additional ways in which the Accused CMT Products infringe claim 1 of the ’082 patent consistent with the United States District Court for the Northern District of Ohio Local Patent Rules.

35. The Accused CMT Products also infringe one or more additional claims of the ’082 patent.

36. CMT at all relevant times has had constructive knowledge, and upon information and belief, actual knowledge, of the ’082 patent and that the actions alleged herein constitute infringement of one or more of its claims.

## **Count One**
*Patent Infringement by CMT*

37. Monode incorporates by reference all allegations in all preceding paragraphs of this complaint as if fully rewritten herein.

38. The Accused CMT Products infringe one or more claims of the ’082 patent.

39. CMT has infringed, and continues to infringe, the ’082 patent directly by making, using, selling, offering to sell and, upon information and belief, importing the Accused CMT Products in the United States.

40. The only commercial uses for the Accused CMT Products are for use as an integrated marking and reading station.

41. Each use of the Accused CMT Products as an integrated marking and reading system by CMT and third parties, including its direct and indirect customers and end users, constitutes direct infringement of one or more claims of the ’082 patent.

42. The Accused CMT Products have no substantial non-infringing uses.

43. CMT has induced, and continues to induce, direct infringement of one or more claims of the ’082 patent by, among other acts, intentionally and actively inducing end users of

the Accused CMT Products to sell, offer to sell and use them in a manner that infringes one or more claims of the ’082 patent with knowledge of the ’082 patent, knowledge that the induced acts constitute infringement, and the specific intent that they do so.

44. CMT has contributed, and continues to contribute, to direct infringement of the ’082 patent by others by making, using, selling, offering to sell and, upon information and belief, importing the Accused CMT Products.

45. CMT’s direct and indirect infringements of the ’082 patent have been, and will continue to be, willful and deliberate.

46. Monode has been, and will continue to be, damaged by CMT’s infringement of the ’082 patent, and it will continue to be irreparably injured by CMT’s infringement of the ’082 patent unless CMT’s infringing activities are enjoined by this Court.

## Prayer for Relief

WHEREFORE, Monode prays for judgment against CMT and relief as follows:

(A) A finding that CMT has directly infringed one or more claims of the ’082 patent under 35 U.S.C. § 271(a);

(B) A finding that CMT has induced direct infringement of one or more claims of the ’082 patent under 35 U.S.C. § 271(b);

(C) A finding that CMT has contributed to the direct infringement of one or more claims of the ’082 patent under 35 U.S.C. § 271(c);

(D) Entry of preliminary and permanent injunctive relief enjoining CMT and its officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with any of them from directly infringing and from contributing to or inducing direct infringement of the ’082 patent;

(E) An award of compensatory damages under 35 U.S.C. § 284;

(F) An award of enhanced damages under 35 U.S.C. § 284;

(G) An award of costs, including reasonable attorneys' fees, under 35 U.S.C. § 285;

(H) An assessment of pre-judgment and post-judgment interest; and

(I) Such other and further relief as allowed at law or in equity that the Court deems to be appropriate.

Dated: January 3, 2018

/s/

David T. Movius (0070132)
*dmovius@mcdonaldhopkins.com*
Mark C. Guinto (0089320)
*mguinto@mcdonaldhopkins.com*
McDonald Hopkins LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 | f 216.348.5474

*Attorneys for Monode Marking Products, Inc.*

**Jury Demand**

Plaintiff Monode hereby demands a jury trial for all issues so triable.

/s/______________________________
David T. Movius

*Attorney for Monode Marking Products, Inc.*