IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Monode Marking Products, Inc.<br><br>      Plaintiff,<br><br>      v.<br><br>Columbia Marking Tools, Inc.<br><br>      Defendant. | Case No. 1:18-cv-00016-DCN<br><br>Judge Donald C. Nugent<br><br>**Jury Trial Demanded** |

### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT COLUMBIA MARKING TOOLS, INC.

Defendant Columbia Marking Tools, Inc. ("CMT"), by and through the undersigned counsel, responds to the Complaint of Monode Marking Products, Inc. as follows:

#### GENERAL DENIAL

Except as expressly admitted below, CMT denies each and every allegation contained in the Complaint.

#### SPECIFIC ANSWERS

1. CMT admits that this is an action for damages and injunctive relief, but denies the remaining allegations in paragraph 1 of the Complaint, including the allegation of CMT's infringement of U.S. Patent No. 6,974,082 ("the '082 patent").

2. CMT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 2 of the Complaint, and on that basis denies them.

3. CMT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 3 of the Complaint, and on that basis denies them.

4. CMT admits paragraph 4 of the Complaint.

5. CMT admits that this Court has subject matter jurisdiction over patent infringement cases under 28 U.S.C. §§ 1331 and 1338(a). CMT denies the remaining allegations in paragraph 5 of the Complaint.

6. CMT admits to personal jurisdiction of this Court, but denies the remaining allegations in paragraph 6 of the Complaint.

7. CMT denies the allegations in paragraph 7 of the Complaint.

8. CMT denies the allegations in paragraph 8 of the Complaint.

9. CMT denies the allegations in paragraph 9 of the Complaint.

10. CMT denies the allegations in paragraph 10 of the Complaint.

11. CMT denies the allegations in paragraph 11 of the Complaint.

12. CMT denies the allegations in paragraph 12 of the Complaint.

13. CMT denies the allegations in paragraph 13 of the Complaint.

14. CMT denies the allegations in paragraph 14 of the Complaint.

15. CMT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 15 of the Complaint, and on that basis denies them.

16. CMT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 16 of the Complaint, and on that basis denies them.

17. CMT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 17 of the Complaint, and on that basis denies them.

18. CMT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 18 of the Complaint, and on that basis denies them.

19. CMT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 19 of the Complaint, and on that basis denies them.

20. CMT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 20 of the Complaint, and on that basis denies them.

21. CMT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 21 of the Complaint, and on that basis denies them.

22. CMT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 22 of the Complaint, and on that basis denies them.

23. CMT admits that the U.S. Patent and Trademark Office granted U.S. Patent No. 6,974,082 on December 13, 2005.

24. CMT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 24 of the Complaint, and on that basis denies them.

25. CMT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 25 of the Complaint, and on that basis denies them.

26. CMT denies the allegations in paragraph 26 of the Complaint.

27. CMT denies the allegations in paragraph 27 of the Complaint.

28. CMT admits the allegations in paragraph 28 of the Complaint.

29. CMT denies the allegations in paragraph 29 of the Complaint.

30. CMT lacks sufficient information or knowledge to admit or deny the allegations in paragraph 30 of the Complaint, and on that basis denies them.

31. CMT denies the allegations in paragraph 31 of the Complaint.

32. CMT denies the allegations in paragraph 32 of the Complaint.

33. CMT denies the allegations in paragraph 33 of the Complaint.

34. CMT denies the allegations in paragraph 34 of the Complaint.

35. CMT denies the allegations in paragraph 35 of the Complaint.

36. CMT denies the allegations in paragraph 36 of the Complaint.

37. CMT incorporates by reference the responses to the allegations in the preceding paragraphs.

38. CMT denies the allegations in paragraph 38 of the Complaint.

39. CMT denies the allegations in paragraph 39 of the Complaint.

40. CMT denies the allegations in paragraph 40 of the Complaint.

41. CMT denies the allegations in paragraph 41 of the Complaint.

42. CMT denies the allegations in paragraph 42 of the Complaint.

43. CMT denies the allegations in paragraph 43 of the Complaint.

44. CMT denies the allegations in paragraph 44 of the Complaint.

45. CMT denies the allegations in paragraph 45 of the Complaint.

46. CMT denies the allegations in paragraph 46 of the Complaint.

CMT denies that Plaintiff is entitled to the relief requested or any relief. To the extent that Paragraphs (A) through (I) contain any factual allegations, CMT denies them.

## ADDITIONAL DEFENSES

CMT alleges and asserts the defenses herein in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses required by law, regardless of how such defenses are denominated herein. In addition to the defenses described herein, CMT specifically reserves all rights to allege other additional defenses that become known through the course of discovery.

### First Additional Defense – Failure to State a Claim

Monode's Complaint and each claim for relief alleged in the Complaint fails to state a claim upon which relief can be granted.

<u>Second Additional Defense – Patent Non-Infringement</u>

Monode's Complaint and each claim for relief alleged in the Complaint is barred because CMT does not infringe the '082 patent.

<u>Third Additional Defense – Patent Invalidity</u>

Each of the claims of the '082 patent is invalid for failure to comply with the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112.

<u>Fourth Additional Defense – No Entitlement to Injunctive Relief</u>

Monode is not entitled to injunctive relief because it has not suffered, and will not suffer, irreparable harm due to CMT's conduct, Monode has an adequate remedy at law, and the balance of hardships and public interest do not favor injunctive relief.

**COUNTERCLAIMS**

For its counterclaims against Monode Marking Products, Inc., Columbia Marking Tools, Inc. alleges and states as follows:

THE PARTIES

1. Counterclaimant Columbia Marking Tools, Inc. ("CMT") is a Michigan corporation with a principal place of business in Michigan.

2. As pled in its complaint, Counterclaim Defendant Monode Marking Products, Inc. ("Monode") is an Ohio corporation with a principal place of business in Ohio.

3. These counterclaims arise under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

4. CMT seeks to obtain a judgment declaring that CMT does not infringe U.S. Patent No. 6,974,082 ("the '082 patent) and that the '082 patent is invalid.

5. An actual controversy exists between CMT and Monode as to the infringement and validity of the '082 patent.

6. Jurisdiction is proper in this Court under 28 U.S.C. §§ 1338(a) and 2201.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 because Monode has brought claims of patent infringement in this district.

8. By filing its complaint, Monode has consented to the personal jurisdiction of this Court.

COUNT I – NONINFRINGEMENT

9. Counterclaim Plaintiff CMT re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

10. In its Complaint, Counterclaim Defendant Monode is seeking injunctive relief and damages from CMT for alleged infringement of the '082 patent.

11. CMT has not and does not infringe, directly or indirectly, contributorily or by active inducement of others to infringe, any valid and enforceable claim of the '082 patent, either literally or under the doctrine of equivalents.

12. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

13. Counterclaim Plaintiff CMT seeks a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaim Plaintiff CMT's contentions as set forth in the paragraphs above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the noninfringement of the claims of the '082 patent.

## COUNT II – INVALIDITY

14. Counterclaim Plaintiff CMT re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

15. The claims of the '082 patent are invalid for failure to satisfy one or more of the requirements of 35 U.S.C. § 1, et seq., including 35 U.S.C. §§ 101, 102, 103, and 112.

16. As a result of the acts described in the foregoing paragraphs, there exists an actual and justiciable controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

17. Counterclaim Plaintiff CMT seeks a judicial determination and declaration of the respective rights and duties of the parties based on Counterclaim Plaintiff CMT's contentions as set forth in the paragraphs above. Such a determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties regarding the invalidity of the claims of the '082 patent.

## PRAYER FOR RELIEF

WHEREFORE, CMT prays for relief as follows:

1. That judgment be entered in favor of CMT and against Monode on each and every count of the Complaint and on each and every count of the Counterclaims.

2. That judgment be entered declaring that CMT has not infringed the '082 patent.

3. That judgment be entered declaring that Monode is precluded from obtaining injunctive relief, money damages, costs, and/or attorneys' fees for any alleged infringement by CMT.

4. That judgment be entered declaring the claims of the '082 patent invalid.

5. That judgment be entered declaring this case exceptional in favor of CMT under 35 U.S.C. § 285 and that CMT be awarded its reasonable attorneys' fees, expenses, and costs; and

6. That CMT be awarded such other and further relief as the Court may deem just and proper.

DEMAND FOR JURY TRIAL

CMT hereby demands trial by jury of all issues so triable in this action.

Dated: June 29, 2018

Respectfully submitted,

*/s/ Steven M. Auvil*
Steven M. Auvil (0063827)
steven.auvil@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479-8023
Facsimile: (216) 479-8780

Attorney for Defendant Columbia Marking Tools, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the forgoing was filed on June 29, 2018 using the Court's CM/ECF System. Service will be made upon the parties through the CM/ECF System.

<i>/s/ Steven M. Auvil</i><br>
Steven M. Auvil