UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Monode Marking Products, Inc. | ) | Case No. 1:18-cv-16 |
| | ) | |
| Plaintiff, | ) | Judge Donald C. Nugent |
| | ) | |
| vs. | ) | |
| | ) | |
| Columbia Marking Tools, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**Report of Parties' Planning Meeting Under Federal
Rule of Civil Procedure 26(f), Local Rule 16.3(b) and Local Patent Rule 2.1**

1.      Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.3(b) and Local Patent Rule 2.1, a meeting was held on August 21 and 22, 2018, and was attended by David Movius, counsel for plaintiff Monode Marking Products, Inc., and Steven Auvil, counsel for defendant Columbia Marking Tools, Inc.

2.      The parties will exchange the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1) and the Court's prior order by August 31, 2018.

3.      The parties recommend the following track: Standard.

4.      The case is suitable for one or more of the following Alternative Dispute Resolution (ADR) mechanisms:  Mediation may be appropriate upon the exchange of merits disclosures.

5.      The parties do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

6.      Recommended Discovery Plan:

{7603402: }

(a)     Describe the subjects on which discovery is to be sought and the nature and extent of discovery.

Monode presently expects to submit written discovery requests (e.g., requests for production of documents, interrogatories, and requests for admissions) and to conduct depositions. Much of the discovery will be in the form of Electronically Stored Information (ESI). Monode also may conduct, to the extent necessary, third-party discovery by way of subpoena. Monode likely will seek discovery on subjects relevant to this case including, but not limited to: the facts and circumstances surrounding CMT's development, offering and sale of its accused products; CMT's communications with third parties regarding its accused products; and the factual basis, if any, for CMT's counterclaims. This summary of anticipated discovery is just a summary and is not meant to limit the scope, nature, and extent of discovery that Monode may seek.

CMT presently expects to take discovery regarding the business of Monode, marking systems (including the Traceable-IT software), the conception and reduction to practice of the claimed invention, inventorship, prior art to the claimed invention, alleged infringement, validity of the patent, enforcement of the patent against others, licenses or covenants not to sue, alternatives to the patent, notice of alleged infringement, marking, knowledge of the accused product(s), alleged harm suffered by Monode, and Monode's basis for request for injunctive relief.  CMT expects to serve document requests, interrogatories, and subpoenas and take depositions of witnesses.

The nature, extent, and subjects of discovery, as listed above, are preliminary only. As such, the scope of discovery may change as the case and discovery proceed. The parties will abide by the Federal Rules of Civil Procedure and any applicable Local Rule with respect to limitations on discovery.

(b)     With respect to the discovery of electronically stored information, the parties agree that, in lieu of the procedures set forth in Appendix K to the Local Rules, the parties will submit a joint proposed ESI order by September 11, 2018.

(c)     Non-Expert Discovery cut-off date: 30 days after claim construction ruling (LPR 4.7)

(d)     Initial Expert Disclosures: 60 days after claim construction ruling (LPR 5.1(b))

Rebuttal Expert Disclosures: 30 days after initial expert disclosures (LPR 5.1(c))

Expert Discovery cut-off date: 40 days after exchange of expert rebuttal disclosures (LPR 5.2)

7.     Recommended dispositive motion date: 21 days after the expert discovery cut-off date (LPR 6.1)

8.     Recommended cut-off date for amending the pleadings and/or adding additional parties: September 13, 2018.

9.     Recommended date for a Status Hearing: February 26, 2018.

10.     Other matters for the attention of the Court: The parties make the following recommendations for deadlines under the Local Patent Rules that are not set forth in the form of report of parties' planning meeting attached to the Scheduling of Case Management Conference Order (ECF # 10):

(a)     **Proposed Schedule:**  The parties propose the following schedule for events leading to the claim construction hearing:

August 31, 2018 - LPR 3.1-3.2 Infringement Contentions

October 1, 2018 - LPR 3.3-3.4 Non-Infringement Contentions

November 5, 2018 - LPR 3.5 Invalidity and Unenforceability Contentions

November 12, 2018 – LPR 4.1(a) Preliminary ID of Claim Terms to be Construed

November 19, 2018 - LPR 3.7 Validity and Enforceability Contentions

December 4, 2018 - LPR 4.1(c) Final ID of Claim Terms

December 19, 2018 – LPR 4.2(a), (b) Preliminary Claim Constructions and Supporting Materials

January 4, 2018 – LPR 4.3(a) ID of Claim Construction Expert

January 21, 2018 - LPR 4.3(b) Disclosure of Rebuttal Claim Construction Expert

February 8, 2018 - LPR 4.3(c) Completion of Expert Discovery

February 25, 2018 – LPR 4.2(c) Final Claim Construction

March 15, 2018 - LPR 4.4(a) Opening Claim Construction Submission

April 15, 2018 – LPR 4.4(b) Responsive Claim Construction Submission

April 22, 2018 – LPR 4.5 File Joint Claim Construction and Prehearing Statement


(b)     **Anticipated Motions:**  The parties anticipate filing the following motions:

None at this time.


(c)     **Nature of Dispute**

(i) Describe the field of the claimed invention: U.S. Patent No. 6,974,082 (the "'082 patent") relates generally to the field of automated vision or marking systems

and, more particularly, to a computer controlled system that is capable of controlling, integrating and tracking the use and actions of various machines involved in a systematic vision or marking operation.

(ii) Claims asserted:  <u>claims 1-23</u>.

(iii) The parties anticipate requesting the Court to construe 15 claim terms or less.

(iv) Describe the allegedly infringing activity or product: CMT has infringed, and continues to infringe, Monode's '082 patent by making, using, selling, offering to sell and/or importing its accused products. CMT further has induced, and continues to induce, direct infringement of the '082 patent by, among other acts, intentionally and actively inducing end users of its accused products to sell, offer to sell and use them in a manner that infringes the '082 patent with knowledge of that patent and that the induced acts constitute infringement, and with the specific intent that they do so. Finally, CMT has contributed, and continues to contribute to, direct infringement of the '082 patent by, among other acts, making, using, selling, offering to sell and/or importing its accused products.

(v) Describe any potentially non-infringing alternative designs:    CMT denies infringement and therefore submits that the accused product is a non-infringing alternative.   CMT expects to take discovery on other alternative designs.

(vi) The parties have not stipulated that the above-described designs do not infringe the patents in issue.

(d)     **Protective Order:** The parties plan to submit a proposed protective order for adoption by the Court by September 11, 2018.

(e)     **Claim Construction Hearing:** The parties propose the following format for the Claim Construction Hearing:

(i) Order of Presentation:  The parties propose that the Court conduct the claim construction hearing with the plaintiff presenting its proposed constructions and supporting evidence first, followed by the defendant presenting its constructions and supporting evidence, followed by rebuttal and sur-rebuttal argument, as appropriate.

(ii) Anticipated number of witnesses:  The parties do not anticipate it will be necessary to call witnesses at the hearing.

(iii) Anticipated length of hearing: 2-3 hours.

(f)     The parties have consented, pursuant to Fed. R. Civ. P. 5(b)(2)(E), to the electronic exchange of pleadings, notices, discovery, and other mandated disclosures not otherwise served electronically via the Court's electronic filing system.


Respectfully submitted,                          Respectfully submitted,

/s/     David T. Movius                          /s/     Steven M. Auvil
David T. Movius (0070132)                        Steven M. Auvil (0063827)
 *dmovius@mcdonaldhopkins.com*                    *steven.auvil@squirepb.com*
Mark C. Guinto (0089320)                         SQUIRE PATTON BOGGS (US) LLP
 *mguinto@mcdonaldhopkins.com*                    4900 Key Tower, 127 Public Square
MCDONALD HOPKINS LLC                             Cleveland, Ohio 44114
600 Superior Avenue, East, Ste. 2100             Telephone: (216) 479-8023
Cleveland, Ohio 44114                            Facsimile: (216) 479-8780
t 216.348.5400 | f 216.348.5474

*Counsel for Monode Marking Products, Inc.*   *Counsel for Columbia Marking Tools, Inc.*

## Certificate Of Service

I hereby certify that on August 23, 2018, a copy of the foregoing ***Report Of Parties' Planning Meeting Under Federal Rule of Civil Procedure 26(f), Local Rule 16.3(b) and Local Patent Rule 2.1*** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, and parties may access this filing through the Court's system.

　*/s/　David T. Movius*　
*Counsel for Monode Marking Products, Inc.*

{7603402: }