UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Monode Marking Products, Inc. | ) | Case No. 1:18-cv-16 |
| | ) | |
| Plaintiff, | ) | Judge Donald C. Nugent |
| | ) | |
| vs. | ) | |
| | ) | **STIPULATED E-DISCOVERY ORDER** |
| Columbia Marking Tools, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

The Court ORDERS as follows:


This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1. The parties hereby stipulate to the following provisions regarding the discovery of ESI in this matter:

**A.    General Principles**

1.    An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

2.    The proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible.

**B.**    **ESI Disclosures**

Within 14 days after this Order issues, each party shall disclose:

1.    <u>Custodians</u>. The custodians most likely to have discoverable ESI in their possession, custody or control. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under his/her control.

2.    <u>Non-custodial Data Sources</u>. A list of non-custodial data sources (*e.g.* shared drives, servers, etc.), if any, likely to contain discoverable ESI.

3.    <u>Third-Party Data Sources</u>. A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.* third-party email and/or mobile device providers, "cloud" storage, etc.) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

4.    <u>Inaccessible Data</u>. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source) that a party asserts is not reasonably accessible under Federal Rule of Civil Procedure 26(b)(2)(B).

**C.**    **Preservation of ESI**

The parties acknowledge that they have a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody or control. With respect to preservation of ESI, the parties agree as follows:

1.    Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody or control.

2.      All parties shall supplement their disclosures in accordance with Rule 26(e) with discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under (C)(3) or (D)(1)-(2) below).

3.      Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved or searched:

a.      Deleted, slack, fragmented, or other data only accessible by forensics.

b.      Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

c.      On-line access data such as temporary internet files, history, cache, cookies, and the like.

d.      Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

e.      Back-up data that are substantially duplicative of data that are more accessible elsewhere.

f.      Server, system or network logs.

g.      Data remaining from systems no longer in use that is unintelligible on the systems in use.

h.      Electronic data (e.g. email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android, and Blackberry devices), provided that a copy of all such electronic data is routinely saved elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**D.     Privilege**

1.      With respect to privileged or work-product information generated after the filing of the complaint, the parties are not required to include any such information in their privilege logs.

2.      Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Federal Rules of Civil Procedure 26(b)(3)(A) and (B).

3.      Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party, and its production shall not constitute a waiver of such protection, if: (i) such information appears on its face to have been inadvertently produced or (ii) the producing party provides notice within 15 days of discovery by the producing party of the inadvertent production.

**E.     ESI Discovery Procedures**

1.      <u>On-site inspection of electronic media</u>. Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2.      <u>Search methodology</u>. The parties shall search custodial and non-custodial sources of ESI to locate ESI responsive to requests for production. If the requesting party questions the sufficiency of a production in response to a request, the requesting party may inquire of the producing party what search terms were used and what data sources were queried in responding to the request.  If a dispute arises regarding the adequacy of the search terms or the data sources queried, the parties shall meet and confer in an effort to resolve the dispute before seeking court intervention.

3.     Format. Each electronic document shall be produced in PDF format or single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

4.     Text-Searchable Documents. When practicable, the parties shall make their productions text-searchable. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

5.     Footer. Each document image shall contain a footer with a sequentially ascending production number.

6.     Native Files. A party that receives a document produced in a format specified above may make a reasonable request to also receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format. A single bates-stamped image slip-sheet shall be produced for each document produced in Native format. Natives shall be named after the corresponding bates number and placed in a separate folder on the production media and linked or otherwise cross-referenced within the metadata load file.

7.     De-duplication.  The parties may de-duplicate their ESI production across custodial and non-custodial data sources.

8.      <u>Metadata fields</u>. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified and/or received; and hash value.


 /s/ David T. Movius _____
David T. Movius (0070132)
  *dmovius@mcdonaldhopkins.com*
Mark C. Guinto (0089320)
  *mguinto@mcdonaldhopkins.com*
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474


*Counsel for Monode Marking Products, Inc.*

/s/ Steven M. Auvil _____
Steven M. Auvil (0063827)
  *steven.auvil@squirepb.com*
David P. Prueter (0091391)
  *david.prueter@squirepb.com*
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479-8023
Facsimile: (216) 479-8780


*Counsel for Columbia Marking Tools, Inc.*