UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Monode Marking Products, Inc. | ) | Case No. 1:18-cv-16 |
| Plaintiff, | ) ) ) | Judge Donald C. Nugent |
| vs. | ) ) | |
| Columbia Marking Tools, Inc. | ) ) | |
| Defendant. | ) | |

**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT**

Plaintiff Monode Marking Products, Inc. ("Monode") and Defendant Columbia Marking Tools, Inc. ("CMT") submit this Joint Claim Construction and Prehearing Statement pursuant to L.P.R. 4.5.

**1.    Agreed Construction of Claim Terms**

The parties agree that "machine interaction protocol" and "system integrity verification protocol" should be construed, as follows:

| Claims | Term | Agreed Construction |
|---|---|---|
| 1 and 12 | machine interaction protocol | A series of rules or instructions that allows for control of machines linked to the system. |
| 1 and 12 | system integrity verification protocol | A series of rules or instructions that relate to the system obtaining an install or update. |

The parties further agree that the term "data storage means" in claims 4, 10, and 20 is a means-plus-function claim term under 35 U.S.C. § 112(6) that should be construed as follows:

| Claims | Term | Agreed Function | Agreed Structure |
|---|---|---|---|
| 4, 10, 20 | data storage means | Claims 4 and 10 – tracking at least one item selected from the group consisting of: the historical records and the output. Claim 20 – selectively recording and retrieving information. | a database, a data storage system or external data storage system and equivalents |

1

**2.** **Proposed Construction of Each Disputed Term**

**(a) Terms the Parties agree are written in Means-Plus-Function format**

The parties agree that the following claim term is a means-plus-function claim term that is subject to 35 U.S.C. § 112(6):

- "means for reading or marking encoded information" (claims 1 and 7)

The parties' proposed constructions and respective identifications of intrinsic and extrinsic evidence are set forth in Exhibit A.

The parties agree that each of the following claim terms is a means-plus-function claim term that is subject to 35 U.S.C. § 112(6):

- "means for identifying an input" (claims 1 and 12);
- "data processing means for processing the input so as to generate a desired output" (claims 1 and 12);
- "control means" (claims 1 and 12);
- "means for selectively generating and retrieving historical records related to the performance of the system" (claim 1);
- "means for selectively generating and retrieving data related to the marking system" (claim 14);
- "means for selectively verifying and updating system integrity" (claim 6);
- "means for selectively linking all of the machines in the vision/marking system to at least one user interface" (claim 12).

The parties agree on the functions performed by the means for each of these claim terms, and disagree on whether the specification discloses corresponding structure for performing the function. The parties' proposed constructions and respective identifications of intrinsic and extrinsic evidence are set forth in Exhibit B.

**(b)** **Term the Parties do not agree is written in Means-Plus-Function format**

The parties dispute whether the term "administrative control" or "administrative control [means] for governing actions taken [sic, by] a user of the vision/marking system" is a means-plus-function term that is subject to 35 U.S.C. § 112(6). If the Court concludes that "administrative control" or "administrative control [means] for governing actions taken [sic, by] a user of the vision/marking system" is a means-plus-function term, the parties' proposed constructions and respective identifications of intrinsic and extrinsic evidence are set forth in Exhibit C.

*Monode's Statement:* Monode asserts that this term is presumptively not a means-plus-function term and that it otherwise does not require construction. Monode further does not believe that construing this term would be dispositive of this case or promote settlement because CMT's products indisputably meet this claim element according to its ordinary meaning. If, however, the Court concludes that this claim term is in means-plus-function form, it should adopt Monode's proposed construction.

*CMT's Statement:* "Administrative control" is written in means-plus-function format and is indefinite because the specification of the patent does not disclose a corresponding algorithm for "governing actions taken [sic, by] a user of the vision/marking system." This claim term appears in dependent claim 15 and its construction, alone, is not dispositive of this case. CMT disputes Monode's contentions regarding infringement because infringement and prior-art invalidity involve factual questions on which the parties disagree.

### III. Dispositive Claim Terms

*Monode's Statement:* Monode states that construing each of these as Monode proposes would be dispositive of this case. As demonstrated in Monode's infringement contentions, CMT's products infringe under Monode's asserted constructions. Monode further believes that

adopting its construction will promote settlement. Finally, because CMT contends that construction of each of these terms is not possible, its prior-art invalidity contentions necessarily fail as a matter of law.

*CMT's Statement:* CMT states that the absence of corresponding structure, material, or acts in the specification renders at least the above-identified computer-implemented means-plus-function claims invalid for indefiniteness under 35 U.S.C. § 112(b). A finding that any one or more of the computer-implemented means-plus-function claim terms recited in independent claims 1 and 12 is indefinite renders the patent invalid as a matter of law. Such a finding would be dispositive of this case and would promote settlement. Adopting Monode's proposed claim constructions would not dispose of any claims or defenses because there are outstanding questions of fact on infringement and prior-art invalidity.

4. **Anticipated Time Needed for Hearing**

*Monode's Statement:* Monode proposes that no more than 3 hours will be necessary, and that the hearing should proceed in the following order:

**Monode:** Introduction and argument regarding construction of "means for reading or marking" and whether "administrative control" is in means-plus-function form.

**CMT:** Introduction and argument regarding construction of "means for reading or marking" and whether "administrative control" is in means-plus-function form.

**CMT:** Argument regarding indefiniteness contentions.

**Monode:** Argument in response to CMT's indefiniteness contentions.

*CMT's Statement*: CMT proposes that 4 hours will be necessary and that the hearing should proceed in the following order with each party receiving an equal allocation of time to use at its discretion:

**Monode:** Introduction and argument regarding construction of "means for reading or marking."

4

    **CMT:** Introduction and response to Monode's argument regarding construction of "means for reading or marking."

    **CMT**: Argument regarding indefiniteness contentions.

    **Monode:** Response to CMT's indefiniteness contentions.

    **Monode:** Argument regarding construction of "administrative control."

    **CMT:** Response to Monode's construction of "administrative control [means] for governing actions taken [sic, by] a user of the vision/marking system."

**5.** <u>**Anticipated Witnesses**</u>

The parties do not intend to call any witnesses to testify at the hearing. The parties engaged in expert claim construction discovery under L.P.R. 4.3, including the exchange of expert reports and expert depositions. The briefing incorporates the relevant portions of the respective expert reports and deposition testimony, and the parties intend to highlight those portions as necessary in lieu of presenting live testimony at the hearing.

**6.** <u>**Other Issues to be Considered at a Pre-Hearing Hearing**</u>

*Monode's Statement*: Monode believes that the claim construction hearing is the appropriate time to address the substance of the parties' respective claim construction positions and that a prehearing conference is not necessary unless the Court believes that it would aid the Court in preparing for the hearing.

*CMT's Statement:* The claim construction hearing also should address the validity of the patent, as noted in CMT's briefing. If the Court finds any one or more of the computer-implemented means-plus-function claim terms recited in independent claims 1 and 12 indefinite, the patent is invalid as a matter of law. Unless the Court determines otherwise, CMT agrees with Monode that a prehearing conference is not necessary.

/s/ Steven M. Auvil
Steven M. Auvil (0063827)
steven.auvil@squirepb.com
David P. Prueter (0091391)
david.prueter@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479-8500
Facsimile: (216) 479-8780

Jeremy W. Dutra (PHV)
jeremy.dutra@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315

*Counsel for Defendant*
*Columbia Marking Tools, Inc.*

 /s/ David T. Movius
David T. Movius (0070132)
 dmovius@mcdonaldhopkins.com
Mark C. Guinto (0089320)
 mguinto@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474

*Counsel for Monode Marking Products, Inc.*

6