UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Monode Marking Products, Inc. | ) | Case No. 1:18-cv-00016-DCN |
| | ) | |
| Plaintiff, | ) | Judge Donald C. Nugent |
| | ) | |
| v. | ) | |
| | ) | |
| Columbia Marking Tools, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**Monode Marking Products, Inc.'s Post-Hearing Memorandum
in Support of Its Proposed Findings of Fact and Conclusions of Law**

At the conclusion of the July 30, 2019 claim construction hearing, the Court directed the parties to file proposed findings of fact and conclusions of law on the issue of whether defendant Columbia Marking Tools, Inc. ("CMT") met its burden of proving indefiniteness and invited the parties to provide supplemental briefing in support thereof. (Hearing Tr., ECF # 32, at 144:2-11; *see also* Minutes of Proceeding, ECF # 30.) Monode Marking Products, Inc. ("Monode") accordingly files this memorandum in support of its proposed findings of fact and conclusions of law being filed herewith.

**Introduction**

The law is clear that a party challenging indefiniteness *always* bears the burden of proof by clear and convincing evidence. During the claim construction hearing, CMT suggested that the "clear and convincing" burden did not apply and that its only burden was "to convince the Court that there is no corresponding structure" for the disputed claim terms. (Hearing Tr., ECF # 32, at 128:15-16.) According to CMT, if it did so, the burden would then shift to Monode to convince the Court "that their claim construction is supported." (*Id.* at 128:19-21.) That is completely wrong as a matter of law.

{8316006: }

In case after case, the Federal Circuit has consistently and unambiguously held that "[t]he burden of proving indefiniteness remains on the party challenging validity that they must establish it by clear and convincing evidence. This burden—of establishing invalidity of issued patent claims—has always been on the party challenging validity." *Dow Chem. Co. v. Nova Chemicals Corp. (Canada),* 809 F.3d 1223, 1227 (Fed. Cir. 2015) (en banc). *See, e.g., TecSec, Inc. v. IBM Corp.,* 731 F.3d 1336, 1349 (Fed. Cir. 2013) ("The party alleging that the specification fails to disclose sufficient corresponding structure must make that showing by clear and convincing evidence."); *Cox Commun. Inc. v. Sprint Commun. Co. LP,* 838 F.3d 1224, 1228 (Fed. Cir. 2016) ("Any fact critical to a holding on indefiniteness … must be proven by the challenger by clear and convincing evidence."); *Chicago Bd. Options Exch., Inc. v. Int'l Sec. Exch., LLC*, 748 F.3d 1134, 1141 (Fed. Cir. 2014) (same).

CMT's burden is even greater in this case because determining whether computer-implemented means-plus-function claim term is invalid is a two-step process: first, does the patent disclose an algorithm; and second, is the disclosed algorithm sufficient? *See Spa Syspatronic AG v. United States,* 117 Fed. Cl. 384 (Fed. Cl. 2014). Significantly, CMT put all of its eggs in the "no algorithm" basket without proposing any constructions for the disputed claim terms in the alternative. Moreover, it did not challenge the sufficiency of any of the algorithms that Monode identified for any of the disputed claim terms. Therefore, if the Court finds that the '082 patent discloses **any algorithm whatsoever**, CMT's attempt to invalidate the '082 patent due to indefiniteness must fail.

Having put all of its eggs in the "no algorithm" basket, CMT's validity challenge necessarily fails because it did not present clear and convincing evidence on that issue. Trying to meet that burden, CMT casts its lot on the conclusory opinions of its own

{8316006: } 2

employee Andrew Habedank. His opinions, however, are neither competent nor sufficient: he does not hold the degree that he claims to have, he has taken only one "entry level" computer programming class, and he does not have any experience with many of the technologies discussed in the '082 patent's specification. Moreover, Mr. Habedank neglected to analyze the parts of the specification that Monode cited as disclosing algorithmic support for the disputed claim terms. His "opinions," such as they are, thus are not sufficient for CMT to meet its clear and convincing evidentiary burden.

Faced with this situation of its own making, CMT tries to co-opt Monode's rebuttal expert, Dr. Andrei Goryankin. In the Sixth Circuit, however, a party may not call another party's expert as its own witness on an issue for which it has the burden of proof. But even if that were not so, CMT's attempt to marshal Dr. Goryankin to its side would fail because Dr. Goryankin never opined that any of the disputed claim terms are indefinite. Despite that, CMT tries to show the opposite by splicing quotations, removing context and exploiting the fact that English is not Dr. Goryankin's native tongue. That is neither useful nor proper, and it certainly does not constitute clear and convincing evidence of indefiniteness.

For at least these reasons, as discussed below and in Monode's initial claim construction briefs, and as set forth in Monode's proposed Findings of Fact and Conclusions of Law, CMT has failed completely to meet its burden of proving that the '082 patent is invalid as indefinite by clear and convincing evidence.

### Law and Argument

A. **Applicable Claim Construction Principles**

"It is a bedrock principal of patent law that the claims of a patent define the invention to which a patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d

1303 (Fed. Cir. 2005) (en banc). The purpose of claim construction is to "determin[e] the meaning and scope of the patent claims asserted to be infringed." *Markman v. Westview Instruments*, 52 F.3d 967, 976 (Fed Cir 1995) (en banc), *aff'd* 517 U.S. 370, 391 (1996). Claim construction is a question of law for the Court to decide. *Id.* at 979.

Under 35 U.S.C. § 112, "[a]n element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material or acts described in the specification and equivalents thereof." 35 U.S.C. § 112(f). This form of claiming, known as "means-plus-function," permits a patentee to recite a claim element as a means for performing a function without also reciting a particular structure. *See id. See also Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1348 (Fed. Cir. 2015) (en banc).

Use of the word "means" creates a rebuttable presumption that a term is in means-plus-function form, whereas absence of the word "means" gives rise to a rebuttable presumption that it is not in means-plus-function form. *Williamson*, 792 F.3d at 1348. Once a claim element has been identified as being in means-plus-function form, its construction is a two-step process. *See Williamson*, 792 F.3d at 1351. First, the Court must identify the claimed function, and second it must "determine what structure, if any, disclosed in the specification corresponds to the claimed function." *Id.*

In cases involving a computer-implemented invention that invokes means-plus-function claiming, the "corresponding structure for a function performed by a software algorithm is the algorithm itself." *EON Corp. IP Holdings LLC v. AT&T Mobility LLC*, 785 F.3d 616, 621 (Fed. Cir. 2015). *See Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech.*, 521 F.3d

1329, 1333 (Fed. Cir. 2008). ("[T]his court has consistently required that the structure disclosed in the specification be more than simply a general purpose computer or microprocessor."). An algorithm for a computer-implemented means-plus-function claim term "may be expressed as a mathematical formula, in prose, or as a flow chart, or in any other manner that provides sufficient structure." *Williamson*, 792 F.3d at 1352.

**B.     Invalidity Due To Indefiniteness**

To be definite, a patent claim, viewed in light of the specification and prosecution history, must "inform those skilled in the art about the scope of the invention with reasonable certainty." *Nautilus, Inc. v. Biosig Instruments, Inc.,* 572 U.S. 898, 910 (2014).

"Indefiniteness is a matter of claim construction, and the same principles that generally govern claim construction are applicable to determining whether allegedly indefinite claim language is subject to construction." *Praxair, Inc. v. ATMI, Inc.,* 543 F.3d 1306, 1319 (Fed. Cir. 2008); *see also Viva Healthcare Packaging (USA) Inc. v. CTL Packaging USA, Inc.*, No. 3:13-CV-00569-MOC, 2015 WL 1346091, at *6 (W.D.N.C. Mar. 24, 2015) (collecting Federal Circuit cases that "stated numerous times that a district court's inquiry on indefiniteness is appropriate at the claim construction stage").

By statute, courts must presume that a patent's claims are valid. 35 U.S.C. § 282(a). Owing to this statutory presumption, "[t]he party alleging that the specification fails to disclose sufficient corresponding structure must make that showing by clear and convincing evidence." *TecSec, Inc. v. IBM Corp.,* 731 F.3d 1336, 1349 (Fed. Cir. 2013) (reversing district court's finding of indefiniteness); *see Cox,* 838 F.3d at 1228 ("Any fact critical to a holding on indefiniteness … must be proven by the challenger by clear and convincing evidence."); *Chicago Bd.*, 748 F.3d at 1141 (same).

When considering whether the specification discloses sufficient structure for a means-plus-function claim term, courts must appreciate the important "distinction between whether a structure is disclosed and whether it is adequate." *Spa Syspatronic*, 117 Fed. Cl. at 384. Computer-implemented inventions with means-plus-function claim terms generally fall into two classes of cases: "[f]irst, cases in which the specification discloses no algorithm; and second, cases in which the specification does disclose an algorithm but a defendant contends that disclosure is inadequate." *EON Corp.*, 785 F.3d at 623–24, quoting *Noah Sys. v. Intuit Inc.*, 675 F.3d 1302, 1313 (Fed. Cir. 2012).

For computer-implemented means-plus-function claims, the indefiniteness analysis thus requires two steps. "The first question is whether an algorithm is disclosed at all. If one is disclosed, then the court must be satisfied that it is sufficient." *Spa Syspatronics*, 117 Fed. Cl. at 384. Where an algorithm is disclosed in the specification, expert testimony is important because the question of whether that disclosure is adequate is judged "based on the skilled artisan's perspective." *EON*, 785 F.3d at 624.

CMT only addresses the first step, contending that the '082 patent does not disclose any algorithms for the disputed claim terms. CMT therefore must show, by clear and convincing evidence, that the '082 patent's specification does not disclose *any* corresponding structure. *See TecSec,* 731 F.3d at 1349. Whether the specification discloses adequate structure "is not a high bar." *Biomedino, LLC v. Waters Techns. Corp.,* 490 F.3d 946, 950 (Fed. Cir. 2007). "All one needs to do … is recite some structure corresponding to the means in the specification, as the statute states, so that one can readily ascertain what the claims mean and comply with the particularity requirement." *Amtel Corp. v. Information Storage*

*Devices,* 198 F.3d 1374, 1382 (Fed Cir. 1999). That determination "must be made in light of the knowledge of one of skill in the art." *Id.* at 1380.

Because CMT does not challenge the sufficiency of the algorithms that Monode has identified for those claim terms, their sufficiency will be undisputed if the Court finds that the '082 patent discloses algorithms for terms that CMT contends are indefinite.

B.  **CMT Did Not Present Clear and Convincing Evidence of Indefiniteness**

While CMT agrees that it has the burden of proof to establish that the '082 patent does not disclose sufficient structure, it simultaneously argues that "[t]here's no burden of proof," to establish that the '082 patent is invalid. (Hearing Tr., ECF # 32, at 29: 13-19.) Yet CMT also concedes that, if the Court finds indefiniteness, "the effect of your ruling is that the patent is invalid." (*Id*. at 30:24-31:11.) CMT understandably wants to minimize the stakes by avoiding the subject of invalidity, but the distinctions it tries to draw are without a difference. The Federal Circuit consistently has held that "[t]he burden of proving indefiniteness remains on the party challenging validity and that they must establish it by clear and convincing evidence. This burden—of establishing invalidity of issued patent claims—has always been on the party challenging validity." *Dow*, 809 F.3d at 1227.

1.  **CMT's Citations to the '082 Patent are Insufficient as Evidence**

CMT's general citation to the '082 patent in its invalidity contentions, its briefing, and at the claim construction hearing is attorney argument that does not constitute admissible record evidence. *See Nomadix, Inc. v. Hewlett-Packard Co.,* 838 F. Supp. 2d 962, 966 (C.D. Calif. 2012) (patent contentions "are not themselves evidence; they are written by attorneys, and not based on personal knowledge or signed under penalty of perjury"); *Kimberly–Clark Worldwide, Inc. v. First Quality Baby Prods., LLC*, No. 1:CV–09–1685, 2010 WL

4537002, at *2 (M.D. Pa. 2010) (patent contentions provide notice and are not considered evidence). CMT's general citation to the '082 patent therefore is not admissible evidence that supports its indefiniteness contentions. *See Amtel,* 198 F.3d at 1380-82 (determination of whether specification discloses "some structure corresponding to the means" is "made in light of the knowledge of one skilled in the art.").

CMT's general reliance on the '082 patent also conflicts with the statutory presumption of validity that applies to each duly-issued U.S. patent under 35 U.S.C. § 282(a). Behind this presumption lies the basic and long-standing proposition that a government agency such as the PTO is presumed to do its job correctly. As the Supreme Court explained, an invalidity contention "is an application to the court to set aside the action of one of the executive departments of the government." *Morgan v. Daniels*, 153 U.S. 120, 123-25 (1894).

Patent examiners are presumed to be persons of ordinary skill in the art in the relevant technical field. *See In re Berg*, 320 F.3d 1310, 1315 (Fed. Cir. 2003) ("As persons of scientific competence in the fields in which they work, examiners … are responsible for making findings, informed by their scientific knowledge, as to the meaning of prior art references to persons of ordinary skill in the art...."). As evidenced by the '082 patent's issuance, a trained patent examiner evaluated the '082 patent as one of ordinary skill in the art, understood the meanings of each claim terms, and concluded that each meets all of the statutory requirements for patentability, including definiteness under 35 U.S.C. § 112(b).

Because CMT's general citation to the '082 patent does not establish any legal error or constitute factual evidence to the contrary, it is not evidence that the examiner erred as a matter of law in allowing the '082 patent under 35 U.S.C. § 112(b). Since CMT does not

take the next logical—and necessary—step of actually analyzing what the '082 patent discloses, the patent itself is not evidence, and certainly not clear and convincing evidence, that any of the disputed claim terms are indefinite and therefore invalid.

### 2. Mr. Habedank's Opinions are Insufficient as Evidence of Indefiniteness

For opinion testimony to be admissible under Federal Rule of Evidence 703, the proffered witness "must be qualified by 'knowledge, skill, experience, training, or education.'" *In re Scrap metal Antitrust Litig.,* 527 F.3d 517, 528-29 (6th Cir. 2008) (quoting Fed. R. Evid. 702). The party offering an expert's testimony must prove the expert's qualifications by a preponderance of the evidence. *Id.*, citing *Sigler v. Am. Honda Motor Co.,* 532 F.3d 469, 478 (6th Cir. 2008). In patent cases, an invalidity expert also must qualify as a person of at least ordinary skill in the art at issue. *See Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1363 (Fed. Cir. 2008).

Monode challenged Mr. Habedank's qualifications on multiple bases, including that he does not hold a bachelor's degree in computer-aided drafting and design as he claims, that he lacks sufficient qualifications because he could only recall taking a single "entry level" computer programming class that covered "very basic rudimentary programming," and that he lacks experience with technology expressly disclosed and applied in the '082 patent, including object-oriented programming techniques, XML and ActiveX, and Microsoft Windows application programming. While CMT voices disagreement on these points, it has not presented any admissible evidence that Mr. Habedank actually is qualified to render opinion testimony in this case as one of ordinary skill in the art. Monode therefore respectfully renews its motion to exclude that Mr. Habedank on this basis.

Because CMT elected to only challenge whether the '082 patent discloses any algorithm corresponding to the disputed terms without addressing the sufficiency of the algorithms Monode contends are disclosed, it had to establish through admissible evidence that the parts of the specification to which Monode cited do not disclose algorithmic structure to carry its burden of proving indefiniteness by clear and convincing evidence. Mr. Habedank, however, did not address or analyze on of Monode's citations to the specification. Instead, his opinions consist of nothing more than repeated conclusory statements that the '082 patent does not disclose an algorithm corresponding to each disputed claim term. "[C]onclusory, unsupported assertions by experts as to the definition of a claim term are not useful to a court." *Phillips v. AWH Corp.,* 415 F.3d 1303, 1318 (Fed. Cir. 2005). Mr. Habedank's opinions therefore are not sufficient as evidence of indefiniteness, irrespective of whether he is sufficiently qualified to testify as an expert.

### 3. CMT Cannot Rely on Dr. Goryankin to Meet its Prima Facie Burden

Finally, CMT cites to excerpts of Dr. Goryankin's deposition testimony as extrinsic evidence of indefiniteness. Dr. Goryankin was disclosed by Monode as a rebuttal expert under Local Patent Rule 4.3(b), not as an affirmative expert under Local Patent Rule 4.3(a). As such, his opinions only are relevant if, and only if, CMT first establishes its prima facie case of invalidity due to indefiniteness.

In the Sixth Circuit, a party may not call another party's expert as its own witness. *See R.C. Olmstead, Inc. v. CU Interface, LLC,* 657 F. Supp. 2d 899, 904 (N.D. Ohio 2009) (citing *Zvolensky v. Ametek, Inc.*, 1998 WL 124047, at *2 (6th Cir. Mar. 12, 1998) (per curiam) (citing *Durflinger v. Artiles*, 727 F.2d 888, 891 (10th Cir.1984))). This limitation is consistent with Federal Rule of Civil Procedure 26(b)(4)(B), which "was created to prevent a party from …

unfairly using another party's expert to build its own case." *Id.* at 905 (citing Fed. R. Civ. P. 26, Advisory Committee Notes (1970)). Thus, where a party lacks its own evidence on an issue for which it bears the burden of proof, it may not rely on its opponent's expert to carry its burden. *R.C. Olmstead*, 657 F. Supp. 2d at 905. CMT therefore cannot rely on Dr. Goryankin's deposition testimony to meet its clear and convincing burden of proof.

Beyond the procedural defect of CMT's attempted reliance on Dr. Goryankin, his testimony is not evidence of indefiniteness because he never actually opined that any of the disputed claim terms is indefinite. As Monode addressed extensively in its responsive claim construction brief and at the claim construction hearing, CMT did not accurately or fairly quote Dr. Goryankin's testimony. (Monode Br., ECF # 27, at 16-19; Hearing Tr., ECF #31, at 109:15-110:114:5.) And in at least one instance, CMT tried to exploit confusion borne out of the fact that English is not Dr. Goryankin's first language. (Monode Br., ECF # 27, at 17.) As a result, CMT's citation to Dr. Goryankin's testimony is, at best, ambiguous and therefore is evidence of indefiniteness, let alone clear and convincing evidence.

Significantly, CMT had the opportunity to elicit unambiguous testimony by Dr. Goryankin on these issues after Monode pointed out in its briefing the many errors in how CMT was attempting to use Dr. Goryankin's testimony. CMT, however, voluntarily waived its opportunity to do so when it elected to not call live witnesses at the claim construction hearing in its Prehearing Statement. (ECF # 29 at 3.) CMT thus forfeited its opportunity to attempt to resolve those ambiguities in its favor at the claim construction hearing. Accordingly, even if CMT could rely on Dr. Goryankin as affirmative evidence in support of its prima facie case as a procedural matter, the testimony to which CMT cites is not evidence of indefiniteness.

## C. Monode Successfully Rebutted CMT's Proffered Evidence of Indefiniteness

Because the '082 patent is presumed valid, Monode does not have any burden of proving that the disputed claim terms are definite. *See Bosch Automotive Service Solutions, LLC v. Matal,* 878 F.3d 1027, 1040 (Fed. Cir. 2017) ("We have previously held that a party challenging patent validity on indefiniteness grounds carries the burden of proof.") (citing *Chicago Bd. Options*, 784 F.3d at 1141). Nonetheless, the evidence Monode presented rebuts any remaining basis for finding indefiniteness that might exist.

In its claim construction contentions, Monode identified specific references in the specification that it contends disclose algorithmic structure for each of the disputed claim terms. (Pretrial Statement, ECF # 29, at Exh. B.) Since the '082 patent is statutorily presumed valid, that alone is enough to cast meaningful doubt onto CMT's indefiniteness contentions. CMT, however, did not meaningfully address any of Monode's pinpoint citations to the specification, much less show through admissible evidence that the cited disclosures do not recite sufficient algorithmic structure. Monode's citations to the specification therefore stand unchallenged and unrebutted by CMT.

Finally, even if CMT had presented evidence establishing a prima facie case of indefiniteness, which it did not, Dr. Goryankin's actual opinions eliminate any doubt on whether the '082 patent discloses corresponding structure for the disputed claim terms. CMT does not quarrel with Dr. Goryankin's knowledge, skill, experience, training and education. Nor does it attack Dr. Goryankin's opinions as conclusory. Instead, CMT claims that Dr. Goryankin's deposition testimony somehow supports a finding of indefiniteness because it allegedly is inconsistent with his opinions in his report. Even if that were true, inconsistencies between deposition testimony and a declaration do not amount to clear and

convincing evidence in CMT's favor. Further, CMT has not identified any testimony in which Dr. Goryankin opined that any claim term lacks definiteness—because he never did. At most, CMT merely muddies the waters through its spliced quotations, its disregard for context, and its exploitation of the fact that English is not Dr. Goryankin's first language. That is neither useful nor proper, and it certainly does not constitute clear and convincing evidence of indefiniteness. As such, Dr. Goryankin's opinions remains standing as compelling evidence that the '082 patent is *not* indefinite.

## CONCLUSION

For the foregoing reasons and those set forth in Monode's opening and responsive claim construction briefs, the Court should find that CMT has not met its burden of proving invalidity due to indefiniteness. Monode thus respectfully requests that the Court adopt its proposed Findings of Fact and Conclusions of Law and enter an order holding that none of the claims of the ''082 patent are invalid as indefinite.

Respectfully submitted,

/s/ David T. Movius
David T. Movius (0070132)
dmovius@mcdonaldhopkins.com
Mark C. Guinto (0089320)
mguinto@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474

*Counsel for Monode Marking Products, Inc.*