IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Monode Marking Products, Inc. | Case No. 1:18-cv-00016-DCN |
| Plaintiff, | Judge Donald C. Nugent |
| v. | |
| Columbia Marking Tools, Inc., | |
| Defendant. | |

**NOTICE OF SUBMITTING AND MEMORANDUM IN SUPPORT OF
DEFENDANT COLUMBIA MARKING TOOLS, INC.'S
[PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Following the claim construction hearing held on July 30, 2019, the Court invited the parties to submit proposed findings of fact and conclusions of law. (Minute Order (Doc. 30); Hr'g Tr. (Doc. 32) at 144:2-11, 19-20.) Columbia Marking Tools, Inc. submits herewith its proposed findings of fact and conclusions of law. For the reasons outlined in this notice and memorandum and the arguments and evidence CMT submitted in connection with claim construction, CMT requests that the Court adopt, in its entirety, CMT's proposed findings of fact and conclusions of law.

**ARGUMENT**

Monode Marking Products, Inc. accuses Columbia Marking Tools, Inc.'s I-Mark II-Read System of infringing claims 1-23 of U.S. Patent No. 6,974,082. To resolve issues of infringement and invalidity, the Court must first attempt to construe the claims as a matter of law. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995), *aff'd*, 517 U.S. 370 (1996). Section 112(6) of the Patent Act permits a patentee to claim structures, materials, or acts in functional language:

> An element in a claim for a combination may be expressed as a means or step for performing a specified function without the recital of structure, material, or acts in support thereof, and such claim shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof.

35 U.S.C. § 112(6).

Section 112(6) limits the scope of the functional claim language to the structures, materials, or acts described in the specification, and their equivalents. *Personalized Media Commc'ns, LLC v. International Trade Comm'n*, 161 F.3d 696, 703 (Fed. Cir. 1998). The parties agree that the two independent claims (claims 1 and 12), and three dependent claims (claims 6, 7, and 14), collectively recite eight claim terms written in means-plus-function format, and thus are governed by Section 112(6).

In attempting to construe a claim element governed by Section 112(6), the Court must employ a two-step analysis. *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1348 (Fed. Cir. 2015) (en banc).

The first step requires the Court to "identify the claimed function." *Id.* Here, the parties agree as to the claimed functions recited in the eight disputed means-plus-function claim terms.

The second step of construing a claim element under Section 112(6) requires the Court to "determine what structure, <u>if any</u>, disclosed in the specification corresponds to the claimed function." *Id.* (emphasis added). Merely listing a structure in the specification is insufficient. *Med. Instrumentation & Diagnostics Corp. v. Elekta*, 344 F.3d 1205, 1219-20 (Fed. Cir. 2003). To qualify as corresponding structure, Section 112(6) requires that the particular structure disclosed in the specification "be clearly linked with the claimed function." *Id.* The "clear link" requirement "is the *quid pro quo* for the convenience of claiming in functional terms." *Id.* This requirement provides public notice "as to the structure for which the patentee enjoys the right to exclude." *Id.*

2

Where, as here, the asserted claims recite software functions—*i.e.*, a function performed by a computer—Section 112(6) requires the patentee to disclose in the specification an algorithm as a step-by-step procedure for performing the claimed function. *Eon Corp. v. AT&T Mobility LLC*, 785 F.3d 616, 624 (Fed. Cir. 2015). In other words, for software-implemented functions, the corresponding structure is in the form of an algorithm, a step-by-step process for implementing the function. *Id.*; *see also Williamson* 792 F.3d at 1352. The algorithm must provide "some detail about the means to accomplish the function." *Finisar Corp. v. DirecTV Grp., Inc.*, 523 F.3d 1323, 1340-41 (Fed. Cir. 2008). "Simply disclosing a black box that performs the recited function is not a sufficient explanation of the algorithm required" under section 112. *Augme Techs., Inc. v. Yahoo! Inc.*, 755 F.3d 1326, 1337-38 (Fed. Cir. 2014) (rejecting a purported "single step" algorithm as nothing more than a black box). Likewise, "[a] patentee cannot avoid providing specificity as to structure simply because someone of ordinary skill in the art would be able to devise a means to perform the claimed function." *Blackboard, Inc. v. Desire2Learn, Inc.*, 574 F.3d 1371, 1385 (Fed. Cir. 2009).

The parties' dispute principally revolves around the second step of construing the disputed software-implemented means-plus-function claim terms under Section 112(6).[1] CMT relies, in part, on the testimony of its expert, Andrew Habedank, who is a person having ordinary skill in the art. Relying on his extensive background in the part marking, traceability, automation, and programmable controller industry (including numerous professional certifications and experience with overseeing the design, manufacture, and installation of a wide-array of programmable

---

[1] The disputed software-implemented means-plus-function limitations are: "means for identifying an input" (claims 1 and 12); "data processing means for processing the input so as to generate a desired output" (claims 1 and 12); "control means" (claims 1 and 12); "means for selectively generating and retrieving historical records related to the performance of the system" (claim 1); "means for selectively generating and retrieving data related to the marking system" (claim 14); "means for selectively verifying and updating system integrity" (claim 6); and "means for selectively linking all of the machines in the vision/marking system to at least one user interface" (claim 12). (Joint Claim Construction and Prehearing Statement (Doc. 29) at 2.)

3

marking systems), Mr. Habedank reviewed the patent and determined that the specification fails to disclose for each claimed software function (1) an algorithm, (2) clearly linked with the claimed software function.

In disputing CMT's position, Monode asserts for each disputed software function that an algorithm exists in the specification, citing disparate passages cobbled together from the specification and the declaration testimony from its proposed expert, Dr. Goryankin. None of the passages on which Monode relies discloses an algorithm for performing the claimed functions. Indeed, Dr. Goryankin conceded on cross-examination that the patent does not disclose algorithms for performing the claimed functions. For example, when asked about the "means for identifying an input" limitation recited in claim 1, Dr. Goryankin testified that the patent "discloses a concept. It doesn't show how you identify things." (Goryankin Tr. (Doc. 24-7) at 146:21-147:3 (objections omitted).) When asked if the patent discloses "the logic that is used to identify the nature of the input" referenced in box 110 of Figure 4, Dr. Goryankin conceded: "No, it doesn't. It just you have to make a decision yourself when you program that." (*Id.* at 161:23-162:3 (objections omitted).)

*Also fatal to Monode's claim construction position is its failure to demonstrate the required "clear link" between the specification passages it cites and the claimed functions.* In other words, two independent but related reasons exist for the Court to reject Monode's argument that the '082 patent discloses corresponding structure for the disputed software functions.

Whether the '082 patent specification discloses corresponding structure for the claimed functions is a question of claim construction, a matter of law. *Williamson v. Citrix Online, LLC*, 792 F.3d 1339, 1348 (Fed. Cir. 2015) (en banc); *Noah Sys. Inc. v. Intuit Inc.*, 675 F.3d 1302, 1311 (Fed. Cir. 2012). Here, the intrinsic and extrinsic evidence demonstrates the absence of any

4

disclosure in the '082 specification of (1) algorithms (2) clearly linked to performing the claimed software functions. These twin failures have been established by clear and convincing evidence, including the testimony of both experts. The failure of the '082 patent to comply with the statutory requirements of clearly associating structure (*i.e.*, an algorithm) to the claimed software functions renders the asserted claims indefinite, and thus invalid under Section 112(2) as a matter of law. *Id.*; *see also Eon Corp.*, 785 F.3d at 624.

## CONCLUSION

CMT requests that the Court adopt the proposed findings of fact and conclusions of law submitted herewith. These findings of fact and conclusions of law find clear support in the factual record and the law governing the claim construction and validity issue presented to the Court through the pre-hearing submissions and the hearing.

Dated: August 30, 2019

        Respectfully submitted,
        */s/ Steven M. Auvil*
        Steven M. Auvil (0063827)
        steven.auvil@squirepb.com
        David P. Prueter (0091391)
        david.prueter@squirepb.com
        SQUIRE PATTON BOGGS (US) LLP
        4900 Key Tower, 127 Public Square
        Cleveland, OH 44114
        Telephone: (216) 479-8500
        Facsimile: (216) 479-8780

        Jeremy W. Dutra (PHV)
        jeremy.dutra@squirepb.com
        SQUIRE PATTON BOGGS (US) LLP
        2550 M Street, NW
        Washington, DC 20037
        Telephone: (202) 626-6000
        Facsimile: (202) 457-6315

        *Counsel for Defendant*
        *Columbia Marking Tools, Inc.*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the forgoing was filed on August 30, 2019, using the Court's CM/ECF System. Service is made upon the parties through the CM/ECF System.

/s/ *Steven M. Auvil*
Steven M. Auvil