

Squire Patton Boggs (US) LLP
4900 Key Tower, 127 Public Square
Cleveland, Ohio 44114

O   +1 216 479 8500
F   +1 216 479 8780
squirepattonboggs.com


Steven M. Auvil
T   +1 216 479 8023
steven.auvil@squirepb.com

March 17, 2020

**VIA CM/ECF**

The Honorable Donald C. Nugent
United States District Court
Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 15A
Cleveland, Ohio 44113-1842

**Re:** *Monode Marking Products, Inc. v. Columbia Marking Tools, Inc., Case No. 1:18-cv-00016-DCN*

Dear Judge Nugent:

On behalf of defendant Columbia Marking Tools, Inc. ("CMT") in anticipation of the upcoming status conference scheduled for March 20, 2020, I write to ask for the Court's assistance in resolving the continued non-compliance of Plaintiff Monode Marking Products, Inc. ("Monode") with its discovery obligations. Although CMT has attempted to resolve its discovery disputes with Monode without involving the Court, it has not been successful and thus CMT respectfully requests the Court's intervention. What follows is a summary of the challenges CMT has faced in obtaining the most basic cooperation from Monode.

As Your Honor knows, this is a patent infringement suit brought by Monode against CMT. It involves a single patent, U.S. Patent No. 6,974,082 ("the '082 patent") that relates to software for integrating marking or reading systems. Monode brought suit on January 3, 2018 and delayed service a period of months, and CMT answered on June 29, 2018. The Court held a Case Management Conference on August 28, 2018 and set certain deadlines in the case. The Court later entered a Protective Order on September 14, 2018.

On November 9, 2018, CMT served its First Requests for Production (RFPs 1–24) and First Set of Interrogatories (ROGs 1–5) on Monode. In what has become a recurring problem, Monode let the deadline to respond to CMT's discovery requests pass without notifying CMT or requesting an extension of time. (CMT reserves its rights to argue a waiver occurred by virtue of Monode's failure to timely respond to the discovery requests.) CMT served its Second Requests for

47 Offices in 20 Countries

Squire Patton Boggs (US) LLP is part of the international legal practice Squire Patton Boggs, which operates worldwide through a number of separate legal entities.

Please visit squirepattonboggs.com for more information.
010-9025-5782/3/AMERICAS

Squire Patton Boggs (US) LLP                                                                                          March 17, 2020

Production (RFPs 25-26) on November 29, 2018, and contacted Monode several times to express concern with Monode's failure to respond.

On December 21, 2018, Monode served responses to CMT's discovery requests. Unfortunately, Monode's responses were not only untimely but also severely deficient—Monode produced no documents. Thereafter, the parties attention turned to claim construction and preliminary invalidity issues that were briefed and argued to the Court throughout much of 2019, culminating in the Court's September 27, 2019 Memorandum Opinion and Order (Doc. 36). As of that time, the parties acknowledged that they needed additional time to complete discovery and that they needed the Court's assistance in resolving a dispute regarding whether Monode had waived the right to serve Final Infringement Contentions. After the Court resolved that dispute via a November 27, 2019 Order (Doc. 44), the parties exchanged letters and proposed a meet and confer to attempt to resolve ongoing discovery disputes. The meet and confer was scheduled for January 10, 2020.

In preparation for the meet and confer, CMT wrote Monode on January 3, 2020, asking Monode to correct its discovery deficiencies and produce all responsive documents. Despite being served with CMT's discovery requests on November 9, 2018, it was not until January 9, 2020 that Monode produced any documents in response to CMT's requests. But those documents were not responsive to CMT's discovery requests and, in fact, were the same documents that Monode had already produced in connection with its initial infringement contentions in August 2018. During the parties' meet and confer telephone call on January 10, 2020, CMT brought this fact to Monode's attention—that the documents of January 9th were merely duplicates of the documents Monode previously produced. During the call, Monode stated that it would produce the documents that it had "intended" to produce, which CMT understood to mean non-duplicative discovery responsive to CMT's November 9, 2018 discovery requests.

Following the call on January 10th, CMT emailed Monode three separate times (January 14th, 24th, and 28th) inquiring as to when Monode would produce the "intended" documents. On January 30, 2020—twenty days after the parties' meet and confer, and almost 1 year and 3 months since CMT served its discovery requests—Monode produced documents purporting to be responsive to CMT's requests. These documents, however, were still deficient. In a letter of February 10, 2020, CMT outlined these deficiencies and informed Monode that it was skeptical whether Monode had actually undertaken any effort to search for, identify, and produce responsive documents. In that letter, CMT explained that it would like to take its noticed depositions of Monode and four fact witnesses before the close of fact discovery on February 25th, but that it could not proceed without the Monode's documents.

By email on February 12, 2020, Monode proposed a meet and confer to take place six days before the close of fact discovery. In a letter of February 14, 2020, CMT's representatives agreed to participate in a meet and confer and expressed their dissatisfaction with Monode's ongoing discovery delinquencies. The parties conducted a meet and confer by telephone on February 21, 2020. As set forth in the parties' Joint Status Report (Doc. 45), filed with the Court on February 24, 2020, the parties agreed to request an additional sixty (60) days to complete their outstanding fact discovery. Absent a showing of good cause, the parties agreed not to propound additional

2

discovery requests beyond what they served at the time of filing the Joint Status Report. Monode produced one additional document on March 6, 2020, leaving a host of unanswered questions.

Below is a summary of the outstanding discovery requests from CMT's First Requests for Production (RFPs 1–24) of November 9, 2018. Monode has not complied with its discovery obligations by producing all responsive documents, formally stating that there are no such documents if that is the case, or formally explaining whether responsive documents are being withheld and, if so, the bases on which they are being withheld. Each of these requests concerns core documents a patent owner would be expected to have and produce in a patent infringement suit.

- All documents and things relating to the conception of the claimed subject matter of the '082 patent. (RFP 2)

- All documents and things relating to any actual reduction to practice of the claimed subject matter of the '082 patent. (RFP 3)

- All documents and things relating to any diligence in reducing to practice the claimed subject matter of the '082 patent. (RFP 4)

- All documents and things relating to Monode's, design, development, and testing of the subject matter of the '082 patent and the Traceable-IT system. (RFPs 5 and 6)

- All documents and things relating to the Accused Product, including any testing, inspection, investigation, or analysis of the Accused Product. (RFP 8)

- All documents relating to the first offer for sale, first sale, first importation, first use, first demonstration, and first test of each Monode product or licensed third-party product that allegedly practices or includes the features of any claim of the Asserted Patent. (RFP 10)

- Documents sufficient to show, on a quarterly basis, the quantity sold, price, gross revenue, terms and conditions of sale, customer name, and country of sale for each Monode product or licensed third-party product that allegedly practices or includes the features of any claim of the Asserted Patent. (RFP 11)

- Documents sufficient to show the profitability of each Monode product or licensed third-party product that allegedly practices or includes the features of any claim of the Asserted Patent, including revenues, costs of sale, order contributions, product margins, gross margins, and operating profits. (RFP 12)

- All documents relating to any profits Monode contends it has lost or may lose as a result of CMT's alleged infringement of the Asserted Patent. (RFP 14)

Squire Patton Boggs (US) LLP											March 17, 2020

- All documents relating to any efforts by or on behalf of Monode to satisfy the marking requirements of 35 U.S.C. § 287 for the Asserted Patent. (RFP 15)

- All documents relating to any valuation of the Asserted Patent or any royalties received or paid by Monode for technology related to the subject matter of any Asserted Claim, including any discussion of expected or recommended royalty rates. (RFP 16)

- All documents you intend to rely on at trial in support of your claims of infringement or damages. (RFP 19)

- All agreements relating to the '082 patent, including without limitation any license, covenant not to sue, assignment, or security interest.[1] (RFP 21)

Monode's failure to respond to CMT's discovery requests continues to impair CMT's ability to take the 30(b)(6) deposition of Monode and the 30(b)(1) deposition of Jonathan Mackey, Andre Goryankin, Randy Moore, and Jeremi Woodruff, the deposition notices of which CMT served on February 14, 2020.

CMT would like the Court's assistance in resolving this dispute without having to resort to motion practice, consistent with Local Civil Rule 37.1, and will be prepared to discuss this matter with the Court during the Status Conference on March 20th.

Respectfully submitted,

*/s/ Steven M. Auvil*

Steven M. Auvil (0063827)
steven.auvil@squirepb.com
David P. Prueter (0091391)
david.prueter@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower, 127 Public Square
Cleveland, OH 44114
Telephone: (216) 479-8500
Facsimile: (216) 479-8780

*Counsel for Defendant
Columbia Marking Tools, Inc.*

---

[1] On February 17, 2020, CMT served a subpoena on a company Monode previously sued under the '082 patent, Freedom Technologies Corporation ("Freedom"). Freedom produced agreements with Monode related to the resolution of that suit several days later. By contrast, Monode has refused to produce these same documents, despite their plain relevance to this dispute.

Squire Patton Boggs (US) LLP

March 17, 2020

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the forgoing was filed on March 17, 2020, using the Court's CM/ECF System. Service is made upon the parties through the CM/ECF System.

/s/ Steven M. Auvil
Steven M. Auvil

010-9025-5782/3/AMERICAS