McDonald Hopkins LLC
600 Superior Avenue, East
Suite 2100
Cleveland, OH 44114

P 1.216.348.5400
F 1.216.348.5474

Direct Dial: 1.216.430.2029
Email: dmovius@mcdonaldhopkins.com

March 19, 2020

**Via CM/ECF**

The Honorable Donald C. Nugent
United States District Court
Northern District of Ohio
Carl B. Stokes United States Court House
801 West Superior Avenue, Courtroom 15A
Cleveland, Ohio 44113

**Re:** **Monode Marking Products, Inc. v Columbia Marking Tools, Inc.**
United States District Court for the Northern District of Ohio
Case No. 1:18-cv-00016-DCN

Dear Judge Nugent:

I write on behalf of plaintiff Monode Marking Products, Inc. ("Monode") in response to defendant Columbia Marking Tools, Inc.'s ("CMT") letter dated March 17, 2020. (ECF 47.)

CMT's discovery letter is premature and contrary to Local Rule 37.1 because CMT failed to meet and confer with Monode as required by Local Rule 37.1(a)(1). While CMT attached certain correspondence between the parties' counsel, it omitted the attached email in which counsel for Monode affirmed that they did not receive a call or voice mail from CMT's counsel on March 5, 2020, as CMT asserts. (*See* Exhibit A.) CMT's counsel never responded to this email. Moreover, CMT's counsel did not raise any of the discovery issues about which it now complains when the parties conferred telephonically on March 16, 2020 regarding their Proposed Scheduling Order. That notwithstanding, Monode remains willing and available to meet and confer with CMT regarding both sides' discovery issues, consistent with what Local Rule 37.1(a)(1) requires.

Beyond its procedural impropriety, Monode also objects CMT's one-sided and incomplete summary of this case. As evidenced by the Joint Status Report and subsequent Proposed Scheduling Order, both parties acknowledge the need for additional time to complete discovery and agreed to conduct further searches for documents. (ECF 45, 46.) To this end, Monode produced additional discovery on March 6, 2020, as per CMT's request. (ECF 47, at 3.) Further, Monode has explained to CMT that many documents it has requested simply do not exist. As such, many, if not all, of CMT's factual and rhetorical allegations are simply incorrect.

Finally, CMT's letter ignores its own numerous and continuous deficiencies. For example, CMT produced a total of 19 documents over the initial two years of this case—several of which were

Honorable Donald C. Nugent
March 19, 2020
Page 2

duplicates of publically available documents that Monode attached to its complaint.[1] Then, simultaneous with March 17, 2020 letter to the Court, CMT produced 1,149 new documents, followed by additional documents on March 18, 2020. All of these documents should have been produced months ago, yet CMT has offered no explanation as to why it waited to do so in parallel with sending its letter to the Court on the eve of a status conference.

For these reasons, Monode respectfully submits that the discovery matters CMT has raised in its letter are premature and do not require the Court's intervention at this time.

Sincerely,

/s/ David T. Movius

David T. Movius


Enclosure

Copy: All counsel of record (*via* CM/ECF)

---

[1] With just these 19 documents, CMT attempted to force Monode to depose its owner, Ms. Krembel, with a blanket allegation that she would be unavailable after a certain date. (*See* Ex. A.) Doing so undercuts CMT's allegation that Monode has somehow hampered its ability to depose Monode's witnesses by not producing documents. (ECF 47 at 4.)