UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Monode Marking Products, Inc. | ) | Case No. 1:18-cv-00016-DCN |
| | ) | |
| Plaintiff, | ) | Judge Donald C. Nugent |
| | ) | |
| v. | ) | |
| | ) | |
| Columbia Marking Tools, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

## Motion for Clarification

Monode Marking Products, Inc. ("Monode") respectfully moves the Court for clarification of the Court's April 27, 2020 Order (ECF #51) as to which issues the Court has granted defendant Columbia Marking Tools, Inc.'s ("CMT") motion to compel. Monode further moves for leave to file a response to CMT's motion so that it can be heard with respect to issues raised in CMT's motion that remain outstanding.

CMT filed its motion to compel on Friday, April 24, 2020, without meeting and conferring with Monode at all regarding its requested records deposition as Local Rule 37.1 and Federal Rules of Civil Procedure 37(a)(1) require. In its motion, CMT asked the Court to (1) compel a records custodian deposition by remote means, (2) order production of documents, and (3) award CMT its expenses. The Court granted CMT's motion on Monday, April 27, 2020, without Monode having an opportunity to respond.

In granting CMT's motion, the Court ordered as follows: "Motion granted. The requested deposition may be conducted remotely to ensure the safety of all parties." While the Court's order only references the requested deposition, the clerk of courts' entry on the civil docket implies that the Court additionally  granted CMT's motion with respect to the

{8808028:3 }

production of documents due to its citation of the full title of CMT's motion. Where an apparent conflict exists between the text of an order or judgment and the docket entry, the order or judgment controls. *See, e.g., O'Brien v. Harrington,* 233 F.2d 17, 20 (D.D.C. 1956) (holding that "clerk's act of entering a judgment is ministerial" and where docket entry is inconsistent, "it must be set aside as improvidently entered"). As such, Monode understands the Court's order as only granting CMT's motion with respect to the requested deposition consistent with Federal Rule of Civil Procedure 30, which authorizes the Court to order "that a deposition be taken by remote means." Fed. R. Civ. P. 30(b)(4).

Nonetheless, Monode seeks clarification to avoid any question regarding Monode's compliance with what the Court has ordered. To the extent that the Court granted, or otherwise is inclined to grant, CMT's motion beyond ordering that the records deposition is to proceed and be conducted remotely, Monode requests leave to submit a response to CMT's motion for the Court's consideration. Monode strongly disagrees with, and takes exception to, many of CMT's statements and characterization of its motion, including:

- CMT's representation that tried to resolve the parties' dispute regarding the requested records deposition under Local Rule 37.1, when it did not.

- CMT's failure to confer with Monode before attempting to unilaterally notice that deposition in violation of Local Rule 30.1(b)(1).

- CMT's allegation that Monode failed to respond to its discovery requests on time without disclosing that it consented to Monode's response.

- CMT's contention that Monode's financial disclosures were inadequate because Monode only produced a "single document" when it only requested those documents that are "sufficient to show" that information.

- CMT's mischaracterization of Dr. Andrei Goryankin, who as a third-party consultant for Monode is not within the scope of CMT's requests.

The granting of a motion to compel the production of documents has potentially-significant consequences. *See, e.g.,* Fed. R. Civ. P. 37(b) (providing for sanctions based on failure to

{8808028:3 }

comply with court order compelling discovery). Monode therefore respectfully requests the opportunity to be heard in full on these and all other issues raised in CMT's motion beyond the records deposition to the extent the Court granted, or otherwise is inclined to grant, CMT's motion beyond just that deposition.

    Accordingly, for at least the foregoing reasons, Monode respectfully asks the Court to grant this motion and enter an order that: (1) clarifies that its order on CMT's motion only compels Monode to proceed with the records deposition; and (2) to the extent the Court will consider granting any other relief requested in CMT's motion, grants Monode leave to file a response to CMT's motion.

Respectfully submitted,

/s/ David T. Movius
David T. Movius (0070132)
 dmovius@mcdonaldhopkins.com
Mark C. Guinto (0089320)
 mguinto@mcdonaldhopkins.com
MCDONALD HOPKINS LLC
600 Superior Avenue, East, Ste. 2100
Cleveland, Ohio 44114
t 216.348.5400 │ f 216.348.5474

*Counsel for Monode Marking Products, Inc.*

{8808028:3 }