IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONODE MARKING PRODUCTS, INC., | ) | CASE NO. 1:18 CV 16 |
| Plaintiff, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| COLUMBIA MARKING TOOLS, INC., | ) | |
| Defendants. | ) | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on Plaintiff's Motion Under Rule 56(d) to Stay Columbia Marking Tools, Inc.'s Motion for Summary Judgment, and Motion to Stay Briefing Schedule. (ECF # 88, 89). Defendant filed a Response in Opposition to the Rule 56(d) motion, and Plaintiff filed a Reply in support of that motion. (ECF #90, 93).

In September of 2019, nearly a year after first disclosures, and approximately a year before the oft extended close of discovery, Plaintiff served discovery requests seeking CMT source code. CMT timely responded with a conditional objection indicating its belief that the stipulated protective order governing discoverable documents and materials was inadequate to protect such the "extremely confidential" source code. The parties subsequently had multiple discussions about modifying the protective order to better protect the requested source code and allow its disclosure. A resolution of this issue was thwarted in part due to disagreements on whether CMT's proposal for in-house review of the code created undue risk to the Monode

-1-

attorneys due to the COVID-19 pandemic. In the end, no consensus was reached and the code was not disclosed.

Throughout discovery both parties have complained that the other has refused or otherwise failed to provide discoverable materials, and there are several outstanding motions to compel discovery. (ECF #60, 63, 67, 71, 83). All of these motions were filed prior to the discovery deadline. In order to avoid any unnecessary delays and complications arising from these discovery disputes, CMT suggested at the last status conference that the case could be potentially be resolved on a single isolated issue that did not require resolution of the outstanding motions to compel. The parties and the Court agreed that the discovery issues would be stayed and CMT would file a limited Motion for Summary Judgment on the sole issue of whether the accused products have "a computer having specially programmed software" comprising "a system integrity verification protocol" as required by each asserted claim. (ECF #84, 87).

CMT filed its Limited Motion for Summary Judgment on this issue on October 15, 2020. In support of the Motion, CMT included the Declaration of Timothy Ryder, an employee of CMT, and the Declaration of Wyatt S. Newman, Ph.D., P.E., a technical expert retained by CMT's counsel. Both declarants purport to explain the functioning of the product, including the way both the software level code operate and how this relates to the infringement accusations. Both declarants performed a review of the I-Mark software source code, and ultimately concluded that, in their opinion, the "system integrity verification protocol disclosed in the '082 patent is not used in the I-Mark software install or update. (ECF #87, Ex. 1 2).

Plaintiff now requests that this Court delay the deadline for its Response in Opposition to Summary Judgment, compel the production of all materials considered by Dr. Newman in making his declaration, permit the deposition of Mr. Ryder and Dr. Newman prior to setting any new responsive deadline, and permit any other reasonable discovery necessary to address the issues raised in the motion. Federal Rule of Civil Procedure 56(d) allows a court to defer ruling on a summary judgment motion and allow time to take additional discovery if the opposing party shows that without discovery it cannot "present facts essential to justify its opposition." *Id.* The purposed behind this rule is to ensure that plaintiffs receive "'a full opportunity to conduct

discovery' to be able to successfully defeat a motion for summary judgment.'" *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019). When considering a motion for additional discovery under Rule 56(d), the Sixth Circuit has recognized several factors to be considered:

    1. When the party seeking discovery learned of the issue that is the subject of the desired discovery;

    2. Whether the discovery would change the ruling;

    3. How long the discovery period has lasted;

    4. Whether the party seeking discovery was dilatory in its discovery efforts; and

    5. Whether the party moving for summary judgment was responsive to discovery requests.

*Plott v. Gen. Motors Corp.,* 71 F.3d 1190, 1196-97 (6th Cir. 1995). Courts generally should allow for additional discovery when requested unless the party invoking Rule 56 has not diligently pursued discovery up to that point. *See, F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623, n.7 (6th cir. 2014).

    In this case, the limited Summary Judgment motion was allowed because it was represented to be potentially dispositive and could possibly eliminate the need to resolve the outstanding discovery disputes. Therefore, an agreement was made to stay discovery and the resolution of the outstanding discovery disputes until after the summary judgment motion had been considered. The content of the motion, and the exhibits filed in support of the motion, however, raise factual issues that cannot be fully addressed by Plaintiff without access to some of the outstanding discovery. The evidence put forth in support of the summary judgment motion and the conclusions of the supporting expert(s) are based, at least in part, on an evaluation of the source code of the accused product. Plaintiffs have never had access to that source code and have not yet had opportunity to depose and respond to CMT's declarants.

    Access to the source code has been an on-going issue throughout discovery and it cannot be said that Plaintiffs have been dilatory in pursuing access to this information. Further, they

have made various attempts to depose Mr. Ryan, and did not previously have an opportunity to depose Dr. Newman because he had not been disclosed as an expert. The summary judgment motion was also approved prior to the end of discovery, with the hope that discovery would be streamlined. It would not be fair to deny Plaintiff's request for additional discovery on the basis that they should have previously sought it, when the approval of early summary judgment stayed discovery prior to its completion. The Court, therefore, believes that it is reasonable to allow Plaintiffs the opportunity to obtain discovery necessary to address the factual statements made in Defendants motion.

For the reasons set forth above, Plaintiff's Motion Under Rule 56(d), and Plaintiff's Motion to Stay Briefing Schedule are both GRANTED. (ECF #88, 89). The parties shall meet and confer at the earliest possible opportunity to come to an agreement on an appropriate protective order to allow safe disclosure of the accused products source code. They shall also agree on deposition dates for Mr. Ryan and Dr. Newman, to be completed on or before February 1, 2021. Plaintiffs shall identify any responsive expert they may retain for purposes of responding to the summary judgment motion, and make them available to Defendants for deposition on or before February 16, 2021. Plaintiffs are also entitled to review any data considered by Dr. Newman in forming the opinion set forth in his declaration. A status conference is scheduled, by telephone, for February 18, 2021 at 9:30 a.m.

IT IS SO ORDERED.

/s/ Donald C. Nugent
Donald C. Nugent
UNITED STATES DISTRICT JUDGE

Date: December 18, 2020