UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MONODE MARKING PRODUCTS, INC., | ) | |
| | ) | Case No.    1:18-CV-16 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| COLUMBIA MARKING TOOLS, INC., | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |

This matter is before the court on Plaintiff, Monode Marking Products, Inc.'s ("Monode") Motion for Leave to Amend Infringement Contentions.  (ECF #106.  Defendant, Columbia Marking Tools, Inc. ("Columbia") filed an Opposition, (ECF #111), and the parties respectively filed a Reply and Sur-Reply, in favor of their positions.  (ECF #116, 117-1 ).  The matter is now fully briefed and ready for disposition.

Final infringement contentions are due fifteen days after a claim construction ruling.  L.P.R. 3.10(b).  A party may amend final contentions " only by order of the Court upon a showing of good cause and absence of unfair prejudice, made in timely fashion following discovery of the basis for such amendment."  L.P.R. 3.10(e).  Monode claims that an amendment should be allowed because it timely requested leave to amend after it belatedly received the accused product's source code, which is the basis for the amendment.  Columbia contends that Monode should not be permitted to amend

its contentions on this basis because it did not diligently pursue its earlier (timely) request for the source code following Columbia's request for an enhanced protective order. The Court previously found, however, that Monode's request for the source code was timely issued and relevant to issues in the case. It further found that Monode was not dilatory in seeking discovery of the source code, and that it was entitled to obtain the code and explore its relevance through expert depositions. (ECF #95). It would make no sense to permit discovery of the code and then prohibit Monode from using it to support its claims.

Columbia also argues that it will suffer prejudice if an amendment is permitted. Columbia argues that it would be prejudiced by the amendment because during claim construction it agreed to a construction of the term SIVP posited by Monode, which it would not have agreed to if it had been aware of Monode's new theory of infringement. This claim of prejudice does not withstand scrutiny, however. Columbia agreed to the construction of SIVP before Monode filed its final infringement contentions. Therefore, had the final contentions included the requested amendments, it would not have had any effect on the agreed claim construction because the construction was already established at the time final contentions were filed. Further, in the Joint Status Report filed on February 24, 2020, after final contentions were due, both parties agreed to extend discovery and reserved "the right to seek leave to amend its final infringement contentions based on new information it might learn through the completion of its fact discovery, subject to any objections the other party may assert." (ECF #45).

For the reasons set forth above, and based on all of information set forth in the parties' briefs, the Court finds that Monode has shown good cause to allow an amendment, and allowing the requested amendment would not prejudice the Defendant. Taking into account all of the facts and

circumstances, granting leave to amend would best serve the ends of justice. Therefore, Plaintiff's motion is hereby GRANTED. (ECF #106). IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Date: May 7, 2021